UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | |
|---|---|
| UNITED STATES | : |
| v. | : Case No. 5:23-CR-06 (TTC) |
| HECTOR MANUEL ESPINOSA | : |
| Defendant | : |

**DEFENDANT'S RESPONSE TO**
**GOVERNMENT'S MOTIONS *IN LIMINE***

The United States has filed two Motions *in Limine* in this case, seeking pretrial rulings: prohibiting defense counsel (without prior approval from the Court) from referring to: (1) the possible punishment in this case (DE 150); and (2) any definition of reasonable doubt or the use of analogies or illustrations or parables to describe such doubt to the jurors (DE 149).

1. ***Possible Punishment***

With respect to these motions, the defense formally advises the Court that it has no intention and will not directly or indirectly refer to the matter of potential punishment before the jury absent notice to the Government and permission from the Court.[1]

2. ***Reasonable Doubt***

As to the Government's efforts to preclude argument concerning reasonable doubt, the defense recognizes that this Circuit does not require a reasonable doubt instruction, unless (but not always) the jury requests one. See, e.g., United States v. Reives, 15 F.3d 42, 46 (4th Cir.

---

[1] If the Government presents the expected testimony of its cooperating witnesses, the jury will undoubtedly hear about the possible punishment for the drug trafficking and/or weapons offenses charged in this case, but defense counsel will not refer to them in an effort to create sympathy for the defendant. Moreover, the defense anticipates that the Court will instruct the jury that sentencing is a matter within the Court's exclusive purview and is not a matter for the jury's consideration.

1

1994). Likewise, caselaw appears to give this Court the discretion to preclude the defense's use of analogies or other similar argument to define reasonable doubt in its argument to the jury.

Notwithstanding this jurisprudence, the defense notes its objection to the Government's motion *in limine* for two reasons. First, the concept of reasonable doubt is fundamental in our criminal justice system and it seems to be error not to provide the jury a definition of this concept. The defense therefore respectfully requests that this Court use the District of Columbia Pattern Jury Instruction 2.108 to advise the jury as to the definition of reasonable doubt. A copy of the Instruction is Exhibit 1 to this pleading.

Second, undersigned counsel believe that the art of trial advocacy necessarily includes the use of analogies with a jury. The dissection of the Government's evidence in closing argument ought to be more than a sterile legal argument and should include reference to matters within the jurors' common sense and personal frame of reference. This is particularly true when such arguments relate to the credibility of the Government's cooperating witnesses because the jury will be told that its responsibility is to determine the credibility or lack of credibility of the witnesses.

Thus, in this case defense counsel believe that there will be impeachment of the Government's cooperators based upon their: (1) criminal conduct in the case; (2) prior criminal history; (3) motivation to testify in the hope of a sentence reduction; (3) false statements made to law enforcement officers (4) internal inconsistencies in their testimony; and/or (5) the inconsistencies between cooperators' testimony.

The need to place such impeachment into context for a lay juror is a primordial responsibility of defense counsel. In undersigned counsels' experience, the only effective way to do this is by reference to the jurors' decisions in their everyday lives. The defense does not know

precisely what analogy it will use in this case – because we have not yet had the opportunity to cross-examine the witness(es) but undersigned believe that it in order to render effective assistance of counsel, they should be permitted to refer to everyday examples of credibility decisions made by the jurors and argue that given what they know about the Government's witnesses they would not believe them outside of the courtroom and should not believe their in-court testimony simply because it was made under oath. [2]

For all these reasons, the defense asks that this Court – at a minimum – reserve judgement on the issue of a reasonable doubt instruction and appropriate arguments during the defense summation – until the close of all the evidence.

Respectfully submitted,

/s/ *Sandi S. Rhee*

_____
Sandi S. Rhee (VA Bar No. 47328)
10001 Georgetown Pike
#63
Great Falls, Virginia 22066
(202) 285-8366 (cellular)
SandiRheeLaw@Gmail.com


*Robert Feitel*

_____
Robert Feitel
1300 Pennsylvania Avenue, N.W
#190-515
Washington, D.C. 20004
202 255 6637 (cellular)
District of Columbia Bar 366673
*Pro Hac Vice*

---

[2] The Government would be free to make similar argument in favor of why its witness(es) should be believed.

3

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing was sent via ecf to Ronald M. Huber and Sean Welsh, Assistant United States Attorneys for the Western District of Virginia this 18rd day of September 2024.

                                                          /s/ *Sandi S. Rhee*

                                                          Sandi S. Rhee