CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 17, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:23-cr-00006-001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HECTOR MANUEL ESPINOSA, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is before the court on Defendant Hector Manuel Espinosa's ("Defendant" or "Espinosa") motion to transfer him to the Albemarle-Charlottesville Regional Jail ("ACRJ") from the Rockingham Regional Jail ("RRJ") where he was moved prior to the anticipated start of his jury trial.[1] (ECF No. 175.) Defendant contends that his attorneys have had trouble communicating with him since his transfer to RRJ earlier this week. (*Id.* at 1–2.) He explains that RRJ does not have a procedure for confidential calls between attorneys and their clients, which makes it difficult for his attorneys to speak with him while he is housed at a facility over 100 miles from their office. (ECF No. 175 at 2.) For that reason, Espinosa requests that he be transferred back to ACRJ where he had been detained until this week and which has a confidential video-calling system through which counsel has been communicating with him in preparing for trial.

Though the court is sympathetic to defense counsel's difficulty in communicating with Defendant while he is at RRJ and understands the vital importance of ensuring that counsel

---

[1] The trial was continued at the last minute when the government alerted Defendant and the court that it had learned of discoverable evidence of which it was previously unaware and which it had failed to disclose to Defendant. (*See* Order, Oct. 15, 2024 [ECF No. 173].)

can communicate with their client while preparing for trial, the court lacks the authority to move or order the transfer of individuals in United States Marshals Service ("USMS") custody; Congress granted USMS the authority to determine where and how to house those in its custody. *See* 18 U.S.C. § 4086 ("United States marshals shall provide for the safe-keeping of any person . . . held under authority of any enactment of Congress . . . ."). The court only has the authority to determine whether (not where) a defendant will be detained pending trial. *See* 18 U.S.C. § 3141(a).

Accordingly, Defendant's motion for transfer of Defendant to the ACRJ (ECF No. 175) is **DENIED**. Nonetheless, the court recommends to the USMS that Defendant be returned to ACRJ as soon as possible to facilitate communication with his counsel.

The Clerk is directed to forward a copy of this Order to all counsel of record and to the U.S. Marshal Tom Foster.

**ENTERED** this 17th day of October, 2024.

*/s/Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE