CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VIRGINIA
FILED

January 14, 2025

Laura A. Austin, Clerk
By: s/ *Kelly Anglim*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:23-cr-00006-001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HECTOR MANUEL ESPINOSA, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |           United States District Judge |
| Defendant. | ) | |

On December 30, 2024, the Government filed a motion to disqualify Defendant Hector Manuel Espinosa's counsel in this case. (ECF No. 215.) In support of its motion, the Government cites that counsel accepted a phone call from a cooperating witness, whom counsel knew to be represented at the time, and listened while the cooperating witness recanted his prior testimony,[1] rather than "immediately terminat[ing]" the phone call. *See* Va. Rules of Prof'l Conduct R. 4.2 cmt. 3. The Government asserts that counsel violated the Virginia Rules of Professional Conduct, became necessary witnesses in their client's case, and, by their actions, created a conflict that disqualifies them from continuing to represent Defendant in this case.

On January 13, 2025, Defendant, through counsel, filed a response, arguing, at bottom, that these events, even if a violation of the Virginia Rules of Professional Conduct, do not meet the standard for disqualification. The court takes the Government's motion and the underlying allegations of unethical conduct very seriously. The specific details of what

---

[1] The government represents that when it interviewed the cooperator about his call to Espinosa's attorneys in the presence of the cooperator's attorney, he acknowledged having recanted to defense counsel but maintained that he did so because of threats made by Espinosa in the jail where they were housed after the trial.

transpired are integral to resolving the Government's motion. Unfortunately, Defendant's response was noticeably lacking in the necessary factual detail concerning the phone call.

The outstanding questions that must be resolved include, at the very least:

(1) What information, if any, was displayed on counsel's caller ID screen before counsel answered the phone, including both the phone number, if any, and any accompanying information identifying from where the call had originated;

(2) Whether there was a recorded message at the beginning of the call, and, if so, what information that message conveyed about the identity of the caller;

(3) What exactly was said during that call, by whom, and in what order;

(4) Exactly how long the phone call lasted; and

(5) What other evidence—whether consisting of a digital recording of the call, testimony of someone who overheard the call, or other documentary evidence—exists to corroborate the accounts of the call that may be provided by counsel and/or the cooperating witness.

The court will hold an evidentiary hearing on the Government's motion to disqualify counsel on Friday, January 24, 2025. At that hearing, the court will endeavor to resolve these factual questions. To aid the court in preparing for that hearing, and to ensure that the parties have every opportunity to put on all relevant evidence, the court **ORDERS** the parties to file supplemental information or evidence addressing the outstanding questions, and any other issues the parties believe may be relevant, no later than Friday, January 17, 2025. At minimum, this should include an affidavit from defense counsel detailing the specifics of the phone call to address the court's questions, as well as documentary evidence of the length of the call from counsel's phone. In addition, the Government may file any evidence that it has access to by that date, or it may elect to present its evidence at the hearing.

Finally, given the serious nature of the allegations and the potential consequences of a finding that defense counsel violated one or more Rules of Professional Conduct, the court

urges counsel to consult with competent outside counsel before making factual assertions or additional representations in response to the motion to disqualify or this Order.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 14th day of January, 2025.

>  /s/ Thomas T. Cullen
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE