IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA

Case No. 5:23-cr-00006

v.

HECTOR MANUEL ESPINSOA

**MOTION FOR A NEW TRIAL
AND BRIEF MEMORANDUM IN SUPPORT**

Comes now the Accused, by Counsel, and moves the Court pursuant to Rule 33 for a New Trial based on newly discovered evidence, to wit: the recantation of trial testimony by an essential witness for the government, and in support thereof states as follows:

**I. INTRODUCTION**

On November 21, 2024, a jury returned verdicts of guilt against the Accused for conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 and other charges. The government's case against the Accused relied heavily on the testimony of Ivan Ruiz-Gonzalez, a co-defendant who testified pursuant to a plea agreement with the hope of receiving a reduced sentence in his own case. On December 5, 2024, several weeks after the conclusion of the trial, Ruiz-Gonzalez recanted his testimony and admitted that he provided false testimony at

**COOK ATTORNEYS, a professional corporation**
**71 Court Square, Suite B, Harrisonburg, Virginia 22801**
**(540) 564-9699; Fax (540) 564-9689; cook@cookattorneys.com**

trial.  This post-trial recantation is newly discovered evidence of perjury which directly impacts the integrity of the verdict and undermines confidence in the outcome of the trial.  The interest of justice demands that this Court grant this Motion for a New Trial.

## II. PROCEDURAL HISTORY

1. On September 11, 2024, a grand jury issued a Superseding Indictment against Hector Espinosa alleging that he conspired to distribute controlled substances, two counts of distribution of controlled substances, and one county of unlawful possession of a firearm.  ECF No. 155.

2. A jury trial commenced on November 18, 2024, and concluded on November 21, 2024, with the jury returning a guilty verdict on all counts.

3. On December 20, 2024, prior trial counsel for Espinosa filed a Motion to Compel, ECF No. 213, advising the Court that on December 6, 2024, they had received an unsolicited phone call from a government trial witness, Ivan Ruiz-Gonzalez, who stated to prior counsel "that he had 'lied' at the trial and 'wanted to make things right.'"  Prior counsel withdrew from the case and the Court appointed the undersigned Counsel to represent Espinosa.  ECF No. 229.

4. Sentencing has not yet been scheduled.

**III. PROFFER OF FACTS EXPECTED TO BE ESTABLISHED AT A HEARING**

1. Current counsel expects that prior trial counsel will testify that on December 6, 2024, they received an unsolicited phone call from Ruiz-Gonzalez who stated that he had lied at the trial about Espinosa's involvement with the alleged conspiracy and that Ruiz-Gonzalez wanted to "make things right."  They immediately advised the government of that telephone contact and the content thereof.

2. The government subsequently disclosed a report of an interview conducted on December 10, 2024, by law enforcement officers following the disclosure made by prior trial counsel during which Ruiz-Gonzalez admitted that he had indeed recanted his trial testimony to prior trial counsel, adding that Espinosa had threatened him and ordered him to make the call while they were in segregation (SEG) together at Rockingham Regional Jail on December 5, 2024.  Counsel has not yet been given an audio recording or transcript of Ruiz-Gonzalez's alleged recantation of his recantation of his trial testimony.

3. Counsel has spoken with a disinterested witness (W-1) who will testify that he was physically present in SEG on December 5, 2024, and overheard the entire conversation between Espinosa and Ruiz-Gonzalez, that he heard Ruiz-Gonzalez admit that he had lied, that Ruiz-Gonzalez knew what he had done was wrong, that Ruiz-Gonzalez was scared of federal

prosecution and knew his only path to a lower sentence was to 'throw someone under the bus,' that Ruiz-Gonzalez knows that Espinosa is innocent, that Ruiz-Gonzalez sought Espinosa's forgiveness for providing false testimony against him, and that Ruiz-Gonzalez asked for Espinosa's attorneys' phone number. Details overheard by W-1 included statements by Ruiz-Gonzalez that the text messages referencing food were indeed about actual food that he had ordered from Espinosa, apologizing numerous times for lying about that, saying that he knew the government would believe that references to food were actually references to drugs. Overhearing the entire conversation between Espinosa and Ruiz-Gonzalez, W-1 will testify that Espinosa did not threaten Ruiz-Gonzalez or his family members in any way.

4. Counsel has identified a second disinterested individual (W-2) who was also present in SEG for the conversation and will continue to try to locate that individual to testify at a hearing on this motion.

5. Espinosa may also exercise his right to testify regarding the December 5, 2024, conversation at issue. If so, he will testify to the contents of the conversation as outlined by W-1, at paragraph 3, supra.

**IV. LEGAL ARGUMENT**

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

In the Fourth Circuit, to receive a new trial based on newly discovered evidence, a movant usually must demonstrate the following:

1. The evidence is newly discovered;
2. The defendant exercised due diligence in discovering the evidence;
3. The evidence is not merely cumulative or impeaching;
4. The evidence is material; and
5. The evidence would probably result in acquittal at a new trial.

*United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993); *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989), and many other cases usually citing *Mills v. United States*, 281 F.2d 736, 738 (4th Cir. 1960).

Several circuits including the D.C. Circuit along with the First, Second, Eighth, Ninth, and Tenth Circuits would review this Motion for a New Trial by applying the *Mills* test, supra; they treat recantations in the same manner as other newly discovered evidence. However, the Fourth Circuit and other Circuits follow the Seventh Circuit. The test to be applied in the Fourth Circuit is different than the *Mills* test, supra, because there has been a recantation of trial testimony.

5

The Fourth Circuit's approach is well-summarized in *United States v. King*, 232 F.Supp.2d 636, 645-6 (E.D.Va. 2002): "[I]f the motion for a new trial is based on a witness's recantation of trial testimony, it is appropriate to apply what has come to be known as the *Larrison* test. Under *Larrison,* the motion should be granted if: (1) the court is reasonably well satisfied that the testimony given by a material witness was false; (2) the jury might have reached a different conclusion without the false evidence; and (3) the party seeking the new trial was surprised by the false testimony and was unable to meet it or did not know of its falsity until after trial. *Larrison v. United States,* 24 F.2d 82, 87-88 (7th Cir. 1928). The Fourth Circuit adopted this formulation of *Larrison* in *United States v. Wallace,* 528 F.2d 863, 866 (4th Cir. 1976). According to *Wallace,* 'the district court, in order to grant a new trial, need find only that the jury `might' have decided the case differently if [the recanting witness] had not testified, that is to say, that there is more than a faint possibility of a different jury verdict but something less than a probability.' *United States v. Wallace,* 528 F.2d at 866 n. 3; *see also United States v. Carmichael,* 726 F.2d 158, 159-60 (4th Cir. 1984); *United States v. Johnson,* 487 F.2d 1278, 1279 (4th Cir. 1973); *United States v. Dworkin,* 116 F.R.D. 29, 30-31 (E.D.Va. 1987). The *Larrison* formulation, as adopted in *Wallace,* continues to be applicable today in this circuit. *United States v. Lofton,* 233 F.3d 313, 318 (4th Cir. 2000)." See also *United States v. Roberts*, 262 F.3d 286, 293 (4th Cir. 2000); *White v. United States*, 7:13CR00013 (W.D.Va. 6/27/2016).

Ruiz-Gonzalez's recantation occurred on December 5, 2024, after the conclusion of trial and, therefore, could not have been known to the Accused prior to or during trial. This admission that he committed perjury during his testimony is quintessential newly discovered evidence.

A thorough review of the trial transcripts at ECF Nos. 234-237 shows that Ruiz-Gonzalez's testimony was essential to a conviction in this case: he is the only conspirator to identify Espinoza as a fellow conspirator, and the only witness to identify Espinosa as the individual who delivered the controlled substances in evidence at the trial of the case. Ruiz-Gonzalez's recantation, if believed, goes beyond "mere impeachment" and puts a stake in the heart of the government's case against Espinosa.

The Accused requests an evidentiary hearing to present evidence of Ruiz-Gonzalez's recantation of his testimony at trial. This hearing would allow the Court to determine whether the testimony of Ruiz-Gonzalez relied upon by the government and the jury at trial could have been false and whether the jury might have reached a different conclusion without the false evidence.

**V. CONCLUSION**

For the foregoing reasons, we respectfully requests that this Court:

1. Schedule an evidentiary hearing on this motion with sufficient time to subpoena witnesses;
2. Grant this motion for a new trial; and

3. Grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        HECTOR MANUEL ESPINSOA

        By Counsel

        /s/ Aaron L. Cook
        Counsel for the Accused

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to all parties.

                                           /s/ Aaron L. Cook
                                           Counsel for the Accused