IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 5:23CR00006 |
| | ) |
| HECTOR MANUEL ESPINOSA | ) |

**UNITED STATES' MOTION TO COMPEL
AND RENEWED MOTION FOR CONTINUANCE**

The United States, by counsel, moves to compel the Defendant's disclosure of the names of two anonymous witnesses cited in support of his Motion for New Trial, ECF No. 240, and for a continuance of the evidentiary hearing, currently set for June 20, 2025, because of the Defendant's delay in producing said names. This basic information is necessary for the Government to prepare for the evidentiary hearing and for the hearing to be meaningful to the Court. Once furnished, the Government requires additional time to make use of the information. This Court has inherent authority to order production of the names and should do so to allow for the effective use of judicial resources. In support of these Motions, the United States asserts as follows:

**Factual Basis**

On April 24, 2025, the Defendant filed the pending Motion for New Trial. ECF No. 240. In his filing, the Defendant alleges that there are two witnesses (W-1 and W-2) who would testify concerning the purported "recantation" by Ivan Ruiz. The filing does not name these individuals.

On May 16, 2025, undersigned counsel sent a letter via email to defense counsel specifically requesting 1) the identities of W-1 and W-2, and 2) any material subject to Federal

1

Rules of Criminal Procedure 16 and 26.2 or 18 U.S.C. § 3500. The letter noted that this should include any statements that fall within the *Jencks* Act, including any notes if they reflect the witness's statement.

On May 27, 2025, the Government filed a Motion for Extension and Motion to Continue, citing the lack of discovery produced by the Defendant. ECF No. 250. Specifically, the Government described asking for the witness identities *and* any witness statements. The Defendant responded, objecting that Rules 16 and 26.2 did not require production of witness statements. Response, ECF No. 252. The Defendant's response did not speak to the identities of the witnesses.

On May 30, 2025, the Court issued an Order denying the Motion to Continue and ordering the Defendant to produce witness statements *after* the witnesses have testified. ECF No. 253.

On May 30, 2025, the undersigned counsel for the Government again emailed counsel for the Defendant and asked for the names of the witnesses. Counsel did not respond so, on June 1, 2025, the undersigned counsel left a voicemail for counsel for the Defendant. Having not heard back, undersigned counsel again emailed counsel for the Defendant on June 4, 2025. Counsel for the Defendant responded that he opposed a continuance and that he would not turn over the names because the Government is not "entitled to know."

**Legal Standard**

Pending before the Court is the Defendant's Motion for a New Trial, pursuant to Federal Rule of Criminal Procedure 33, where he bears the burden of proving a new trial is in the "interest of justice."

"A trial court's exercise of its Rule 16 powers to require parties to . . . disclose witnesses is generally permissible." *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996); *see also United*

2

*States v. Johnson*, 48 F. App'x 871, 875 (4th Cir. 2002). This is derived from Federal Rule of Criminal Procedure 16(b)(1) and (d). Exchanging witness pre-trial is a matter of routine in this district. Further, it is routine for the Court to require parties to state in their filings who will testify at an upcoming hearing.

Outside of Federal Rule of Criminal Procedure Rule 16, "courts historically have invoked inherent judicial powers . . . to craft appropriate solutions" when "confronted with situations in which the Federal Rules of Criminal Procedure were not applicable." *United States v. Beckford*, 962 F. Supp. 748, 754-755 (E.D. Va. 1997) (*quoting United States v. Kloepper*, 725 F. Supp. 638, 640 (D. Mass. 1989)). Where there is no controlling law, "a judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b).

A recent case in the Abingdon Division is particularly instructive. *See United States v. White*, No. 2:22-CR-029-01, 2025 WL 92995, at *1 (W.D. Va. Jan. 14, 2025). In *White*, post-conviction, but pre-sentencing, the Government moved to compel the production of raw data provided to a defense expert concerning the defendant. *Id*. The Honorable Senior Judge Urbanski concluded, "Employing its inherent power, the court finds that establishing a schedule for disclosure is warranted as the government is entitled to have access to the information considered by or relied upon by the defense expert in formulating her opinion." *Id*. at *3. That is, the Government was entitled to know about the basis of the testimony for the upcoming hearing. While this case concerned expert disclosures under Rule 16, it is nonetheless instructive because the court relied on its "inherent power" to compel production of discovery by the defendant in order to allow the Government to be prepared for the hearing.

3

**Argument**

In this case, the Government seeks the identities of the two anonymous witnesses named by the Defendant who he alleges support his position for a New Trial. The Government seeks the bare minimum information in that it simply wants to know who these individuals are. This is a narrowly tailored and reasonable request and exchanging this type of information is routine in this district. As described in detail in *White*, the Court has inherent powers to grant this type of relief. Like in *White*, the Court should grant the Government access to basic information necessary for the upcoming hearing.

In this case, the relief requested, the identities of the Defendant's witnesses, is critical to the evidentiary hearing before the Court and the Government has a reasonable basis for the request. The Court, through the evidentiary hearing on the Motion for New Trial, seeks to determine the truth about what occurred. That is achieved through both parties questioning the witnesses and presenting evidence and the Court evaluating the credibility of those witnesses. Without knowing the identity of the witnesses before the hearing, the Government cannot do this.

There are verifiable facts that will either support or negate the testimony of the witnesses. For instance, the Defendant alleges the witnesses were in segregated confinement with the Defendant and Ruiz. That can be confirmed through records obtained from the jail. The witnesses, presumably, have prior criminal histories. That can be confirmed through a records check. The Government has contemplated other steps it could and would take to assess the veracity of the witnesses and that it will not list here to avoid revealing its case strategy.[1] But, each of these steps

---

[1] Should the Court require a description of these additional steps, the Government would ask that these be made to the Court *ex parte*.

requires knowledge of the witness's name and some additional time to investigate. Unlike when the Government calls a witness to testify and it has the burden of seeking and disclosing impeachment material, the Defendant has no burden. The Court is left with missing information at the evidentiary hearing. Conducting the hearing without this information risks that the truth will not be revealed.

This is particularly relevant where, as the Government alleges, Ruiz was threatened by the Defendant to recant his testimony. It is very possible that Ruiz similarly threatened these other witnesses. The Government needs to investigate these possibilities, and that begins with disclosing the names of the witnesses.

The Defendant does not present any good faith reason why he has withheld and continues to withhold the names. His excuse is that the Government is not entitled to it. There is no threat to safety concerns or publicity concerns that sometimes accompany the Government's request to delay in disclosing witness names. The only basis here is to frustrate the Government's ability to confront the witnesses he says support his Motion for a New Trial. That effort breaks with the routine practice in this district to disclose this information upon request and it runs counter to the Court's mandate to find the truth.

At this point, additional time is needed to prepare, even if the names were disclosed immediately. Had the Defendant produced the names on May 16, when originally requested, the Government may have had sufficient time to investigate and make use of the information. Now, having not yet received the names and with only two weeks before the evidentiary hearing, if received, the Government does not have sufficient time to use legal process and investigative tools to recover the information necessary, and produce it to defense counsel, as required by the Rules

of Criminal Procedure.

Accordingly, the Government asks the Court to compel the Defendant to produce the names and identities of the two anonymous witnesses in its Motion for a New Trial, specifically W-1 and W-2, so that the evidentiary hearing can be useful and so the Court can properly examine the issue. Because of the delay in producing the names, the Government respectfully requests a continuance of the evidentiary hearing to make use of this information.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

s/Sean M. Welsh
Sean M. Welsh, VSB No. 89660
Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Sean.Welsh@usdoj.gov

**C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 5th day of June, 2025.

s/Sean M. Welsh
Sean M. Welsh